FILED
JAMES J. VILT, JR. - CLERK

NOV 21 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**STACY ALLEN TAYLOR**
a/k/a DAVID STAFFORD

INDICTMENT

NO. 3:23-cr-139-DJH
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)&(b)(1)
18 U.S.C. § 1343
18 U.S.C. § 1349
18 U.S.C. § 1957
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

The Grand Jury charges:

## COUNT 1
*(Conspiracy to Commit Wire Fraud)*

1. From a date unknown to the grand jury, but beginning at least in or about March 2019 and continuing through at least in or about October 2019, in the Western District of Kentucky, Bullitt County, Kentucky, and elsewhere, **STACY ALLEN TAYLOR** a/k/a DAVID STAFFORD, the defendant herein, did unlawfully and willfully combine, conspire, confederate and agree together and with unindicted co-conspirators, known and unknown to the grand jury, to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

**OBJECT OF THE CONSPIRACY**

2. It was the object of the conspiracy that the defendant, **STACY ALLEN TAYLOR** a/k/a DAVID STAFFORD, together with unindicted co-conspirators, would perpetrate a high-yield investment scheme wherein victims are duped into investing sums of approximately $1 million to $2 million dollars which they believe will be traded in unique ways on a limited-access trading platform. Together with Co-conspirator 1 and others, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, pitched the fraudulent investment opportunity to victims and subsequently executed

Investment Management Agreements claiming the victims' funds will be traded in a "higher-yielding private placement program involving the purchase and immediate resale of fixed income securities." In fact, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, and his co-conspirators did not invest victim funds and, instead, converted victim funds to their own use.

## MANNER AND MEANS

3. The manner and means used to accomplish the objectives of the conspiracy included, among other things, the following:

### Aliases and Entities

4. At all times relevant to this Indictment, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, resided in Shepherdsville, Kentucky, Bullitt County, Kentucky and frequently communicated with co-conspirators and victims from his home in the Western District of Kentucky.

5. **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, regularly utilized the alias "David Stafford" in order to perpetuate the conspiracy. As part of the scheme, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, obtained and used a document purported to be an Irish passport in the name of "David Anthony Stafford" with a date of birth October 14, 1971.

6. **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, utilized various entities interchangeably to execute the Investment Management Agreements in order to perpetrate the investment scheme.

7. According to business registration documents, Legacy Benefit Holdings Limited ("Legacy Benefit"), is a financial corporation organized in the United Kingdom, Taiwan, Netherlands, and Singapore, with an address of RM 605 No. 16 Sec 01 Nanjing E-Road, 10444 Taipei Taiwan R.O.C., an address that is incomplete and does not exist.

8. In the application to register Legacy Benefit in the United Kingdom, "David Stafford" is listed as a Company Director. Additionally, the name "David Stafford" is sometimes listed as a "Managing Director" for Legacy Benefit in purported business documents.

9. New Finance Markets Limited (hereinafter "NFM"), a New Zealand Limited Company with a registered address of 100 Bush Road Office 6 Building 3 Rosedale, Auckland 0632 NZ, is a company Doing Business As ("d/b/a") Legacy Benefit. "David Stafford" is listed as one of the Directors of NFM.

10. Agreements used in furtherance of the scheme list TCA Bancorp Investment & Trust Co. and TCA Investment Bancorp & Trust Co. as d/b/a's of Legacy Benefit (together hereinafter referred to as "TCA").

11. **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, utilized Legacy Benefit, NFM, and TCA to enter into various Investment Management Agreements further detailed below.

12. Legacy Development Services, LLC (Legacy Development Services) is a Delaware Limited Liability Corporation incorporated on or about March 12, 2018.

13. On or about March 25, 2018, Bank of America account ending in x9030 was opened for Legacy Development Services. The account owner is **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, using his true identity (Stacy Allen Taylor).

## The Investment Fraud Scheme

14. During and between at least March 2019 and October 2019, Legacy Benefit, through **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, entered into high-yield Investment Management Agreements with multiple victims (hereinafter individually and collectively referred to as "Victim" and "Victims" respectively) known to the grand jury. The Victims typically invested between $1 million and $2 million dollars to be traded in unique ways on a limited-access trading platform and were promised enormous returns on their investments.

15. For each Victim, the Investment Management Agreement (the "Agreement") promised investment advice and services in a higher-yielding private placement program involving the purchase and immediate resale of fixed income securities.

16. The Agreement stated the Victims' funds would be "deposited in a trading account to be established in the name of the Client by New Finance Markets Trust", and that the Investment Manager (**STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, holding himself out as David Stafford), "shall manage and direct the Account and Fund in a manner that seeks to maximize the Client's return on its investment while applying a principal-protected strategy."

17. Victims were told that profits generated by the investment were to be paid on a monthly basis, as detailed on Excel spreadsheets provided by Co-conspirator 1 and **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, holding himself out as David Stafford, and were estimated to be anywhere between 3,000% and 4,500%. The Agreement guaranteed against loss of principal.

18. For each Agreement with a Victim, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, holding himself out as David Stafford, would sign the Agreement as the Investment Manager, and generally a copy of the Irish passport in the name David Anthony Stafford, date of birth October 14, 1971, was attached.

19. Victims of the scheme included, but were not limited to, J.N., W.O., B.F., and W.E. Facts regarding the execution of the scheme against these four Victims are laid out below.

### Victim J.N.

20. In early 2019, J.N. was introduced to Co-conspirator 1, who served as his point of contact for an investment opportunity. Based on documentation provided by Co-conspirator 1, J.N. believed he was investing in a trading platform where he could get ten times profit return on the money he invested. J.N. believed his funds were being invested in other financial institutions and markets. Co-conspirator 1 told J.N. his $1 million dollar investment would grow to $40 million. J.N. saw David Stafford's name on the "Irrevocable Profit-Sharing Agreement."

21. On or about May 19, 2019, **STACY ALLEN TAYLOR,** a/k/a **DAVID STAFFORD**, using an email address associated with the name David Stafford, provided wire instructions to Co-conspirator 1 via email for J.N.'s $1 million investment. **STACY ALLEN TAYLOR,** a/k/a **DAVID STAFFORD**, instructed Co-conspirator 1 that J.N. should deposit his money in a Wells Fargo Bank Account ending in x9660.

22. On or about May 17, 2019, J.N. executed an Investment Management Agreement with Legacy Benefit. "David Stafford" purportedly signed the Agreement, for and on behalf of Legacy Benefit d/b/a TCA.

23. On or around May 22, 2019, $1,000,000.00 was deposited into the Wells Fargo Bank account ending in x9660 from J.N. Ultimately, J.N.'s funds were not invested as promised and J.N. never received any of his money back from his "investment."

### Victim W.O.

24. In approximately July 2019, W.O. was connected with Co-conspirator 1 and learned of an investment opportunity where his money would be invested in "unique ways" and provide "handsome returns". Someone known to him as David Stafford was described as the "initial trader."

25. W.O. was provided an Excel spreadsheet detailing the returns which were to be paid every 45 days, with the "Total Trade Proceeds to Owner" after 12 months listed at $39,335,733.92 from a $1.2 million initial investment.

26. On or about July 22, 2019, W.O. executed an Investment Management Agreement with Legacy Benefit alongside his wife. David Stafford purportedly signed the Agreement, for and on behalf of NFM/TCA as the Managing Director. A copy of the Irish passport, in the name of David Anthony Stafford, date of birth October 14, 1971, was provided and attached to the agreement.

27. On or about July 25, 2019, pursuant to the signed Investment Management Agreement and utilizing wiring instructions provided via email by Co-conspirator 1, W.O. wired $1,200,000.00 to a Wells Fargo Bank account ending in x9660.

28. W.O. was able to view what he believed was his investment online by logging onto a NFM platform. W.O. received his first repayment in approximately November 2019. W.O. was supposed to receive a second payment in January 2020 but did not receive the payment until approximately March 2020. When W.O. pressed for more information regarding his late repayments, Co-conspirator 1 offered many different explanations to include the COVID-19 pandemic, world economies being shut down, and being unable to wire funds from Singapore to the United States. W.O. only received two repayments, in amounts lower than the promised returns. Co conspirator 1 ceased communicating with W.O. after he questioned whether the investment was a scam.

29. W.O.'s funds were not invested as expressed in the Agreement, and W.O. received only a small fraction of his investment back in repayments.

**Victim B.F.**

30. In approximately September 2019, B.F. became aware of a high-margin trade opportunity, in which he would receive periodic repayments based off his initial investment. B.F. was connected with Co-conspirator 1 who served as the point of contact and provided him the Investment Management Agreement and wiring instructions for his initial investment.

31. B.F. was provided an Excel spreadsheet detailing the returns which were to be paid every 45 days, with the "Total Trade Proceeds to Owner" after 12 months listed at $65,559,556.53 from a $2 million initial investment.

32. On or about September 13, 2019, B.F. through a business entity, executed an Investment Management Agreement with Legacy Benefit. David Stafford purportedly signed the agreement, for and on behalf of Legacy Benefit d/b/a NFM as the Managing Director. A copy of the Irish

passport, in the name of David Anthony Stafford, PC1368083. was provided and attached to the agreement.

33. On or about September 17, 2019, pursuant to the signed Investment Management Agreement and utilizing wiring instructions provided via email by Co-conspirator 1, B.F. wired $2,000,000.00 from a business entity account to a Wells Fargo Bank account ending in x9660.

34. B.F. was able to view what he believed was his investment online by logging onto a platform. B.F. received at least one repayment but became suspicious that something was amiss when Co-conspirator 1 attempted to get him to recruit other investors. B.F. told Co-conspirator 1 he wanted his money back, and soon thereafter, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, using an email address associated with the name David Stafford, began sending B.F. threatening emails.

35. B.F.'s funds were not invested as expressed in the Agreement and B.F. received only a small fraction of his investment back in a single repayment.

### Victim W.E.

36. In approximately October 2019, W.E. through a mutual friend was introduced to Co-conspirator 1 and learned of an investment opportunity. W.E. understood the investment was for a trading program.

37. W.E. was provided an Excel spreadsheet detailing the returns which were to be paid every 45 days, with the "Total Trade Proceeds to Owner" after 12 months listed at $46,828,254.66 from a $1 million initial investment.

38. On or about September 30, 2019, through his business entity, W.E. executed an Investment Management Agreement with Legacy Benefit. David Stafford purportedly signed the agreement, for and on behalf of Legacy Benefit d//b/a NFM as the Managing Director. A copy of the Irish

passport, in the name of David Anthony Stafford, date of birth October 14, 1971, was provided and attached to the Agreement.

39. Three investment deposits from W.E.'s business entity were made to the Wells Fargo Bank account ending in x9660 on or about the following dates and in the following amounts: October 7, 2019 in the amount of $100.00; October 8, 2019, in the amount of $500,000.00; and October 9, 2019, in the amount of $500,000.00.

40. October 15, 2019, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, sent a screenshot via email to co of the falsified NFM platform purporting to show W.E.'s investment.

41. W.E.'s funds were not invested as expressed in the Agreement and W.E. never received any of his money back from his "investment.

All in violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

## COUNTS 2-3
### (Wire Fraud)

42. All of the allegations in paragraphs 1 through 41 are incorporated by reference.

43. From a date unknown to the grand jury, but beginning at least in or about March 2019 and continuing through at least in or about October 2019, in the Western District of Kentucky, Bullitt County, Kentucky, and elsewhere, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, the defendant herein, with Co-conspirator 1 and other unindicted co-conspirators, devised a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that such pretenses, representations, and promises were false when made. For the purpose of executing said scheme, **STACY ALLEN TAYLOR,** a/k/a DAVID STAFFORD, knowingly caused wire communications to be transmitted in interstate commerce.

44. On or about each of the dates set forth below, in Bullitt County, Kentucky, in the Western District of Kentucky, and elsewhere, the defendant, **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 2 | May 19, 2019 | **STACY ALLEN TAYLOR, a/k/a DAVID STAFFORD,** sent an email to Co-conspirator 1 containing wire instructions for J.N. to send money intended for investment. |
| 3 | October 15, 2019 | **STACY ALLEN TAYLOR, a/k/a DAVID STAFFORD,** sent an email to Co-conspirator 1 containing a screenshot of a falsified online platform that purported to show W.E.'s investment, but which was created to support the ruse that Victim funds were being invested. |

In violation of Title 18, United States Code, Section 1343.

The Grand Jury further charges:

## COUNTS 4-7
*(Monetary Transactions Derived from Specified Unlawful Activity)*

45. On or about the dates set forth below, in the Western District of Kentucky, and elsewhere, the defendant, **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**, did knowingly engage and attempt to engage in the following monetary transactions by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is the, transfer of funds, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

| Count | Date | Transaction |
|---|---|---|
| 4 | May 23, 2019 | $69,834.29 in wire fraud proceeds obtained from victim J.N. was transferred from a Wells Fargo Bank Account ending in x9660 to a Bank of America account x9030 in the name of Legacy Development Services, an account owned and controlled by **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**. |
| 5 | July 30, 2019 | $69,883.48 in wire fraud proceeds obtained from victim W.O. was transferred from a Wells Fargo Bank Account ending in x9660 to a Bank of America account x9030 in the name of Legacy Development Services, an account owned and controlled by **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**. |
| 6 | September 19, 2019 | $79,068.38 in wire fraud proceeds obtained from victim B.F. was transferred from a Wells Fargo Bank Account ending in x9660 to a Bank of America account x9030 in the name of Legacy Development Services, an account owned and controlled by **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**. |
| 7 | October 21, 2019 | $78,633.14 in wire fraud proceeds obtained from victim W.E. was transferred from a Wells Fargo Bank Account ending in x9660 to a Bank of America account x9030 in the name of Legacy Development Services, an account owned and controlled by **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**. |

All in violation of Title 18, United States Codes, Sections 1957 and 2.

## NOTICE OF FORFEITURE

As a result of violating Title 18, United States Code, Section 1343 and 1349, as alleged in Counts 1-3 this Indictment, the defendant, **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**, if convicted, shall forfeit to the United States any property, real or personal, which constitutes or is derived, directly and indirectly, from proceeds traceable to such violation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

As a result of violating Title 18, United States Code, Section 1957, as alleged in the Indictment, the defendant, **STACY ALLEN TAYLOR**, a/k/a **DAVID STAFFORD**, if convicted, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

10

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

███████████████████

_____
MICHAEL A. BENNETT
UNITED STATES ATTORNEY

MAB:CEK

UNITED STATES OF AMERICA v. **STACY ALLEN TAYLOR** a/k/a DAVID STAFFORD

## PENALTIES

Count 1: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 2-3: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Count 4-7: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual<br>$125 per count/other | Felony: | $100 per count/individual<br>$400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

<u>**Failure to pay fine as ordered may subject you to the following**</u>:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY  40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY  42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY  42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY  42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.